UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NCR CORPORATION,

        Plaintiff,

v.

CHRIS GOH,

        Defendant.

CASE NO. C16-127-MJP

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT

THIS MATTER comes before the Court on the Parties' Cross-Motions for Summary Judgment. (Dkt. Nos. 42, 44.) The Court, having reviewed the Motions, the reply briefs, (Dkt. Nos. 46, 47), and the related record, hereby GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Summary Judgment.

## **Background**

In or around August 2013, Plaintiff NCR Corporation ("NCR") hired Defendant Chris Goh as a customer engineer in Seattle, Washington. (Dkt. No. 43-1 at 7.) As a condition of employment, Mr. Goh was required to undergo a background check. (Id.) In connection with the hiring process, Mr. Goh and NCR also entered into a "Mutual Agreement to Arbitrate all

Employment Related Claims," ("Agreement"). (Dkt. No. 11-1.) Under the Agreement, Mr. Goh and NCR agreed as follows:

> This agreement to arbitrate includes every possible claim (other than workers compensation claims or claims for benefits covered by the Employee Retirement Income Security Act) arising out of or relating in any way to my employment . . .
>
> The arbitration hearing will be conducted by the American Arbitration Association (the "AAA") under the AAA's rules (except as those rules are modified by this Agreement) . . .
>
> Any issue or dispute concerning the interpretation or enforceability of this Agreement shall be resolved by the arbitrator . . .
>
> We intend for this Agreement to be interpreted broadly to allow arbitration of as many disputes as possible.

(Id.) In May 2014, approximately eight months after he commenced employment with NCR, Mr. Goh voluntarily terminated his employment. (Dkt. No. 29 at 14.)

On June 25, 2015, Mr. Goh and Douglass Jones, another former NCR employee, jointly filed a demand for arbitration against NCR in Seattle ("Seattle Arbitration"). (Dkt. No. 43-2.) The demand alleged NCR failed to provide the disclosure required under the Fair Credit Reporting Act ("FCRA") prior to running a background check on employees and applicants. (Id.) In additional to their individual claims, Mr. Goh and Mr. Jones also sought to assert claims on behalf of all other persons on whom NCR had obtained background reports. (Id.)

At an initial telephone conference with the AAA on August 24, 2015, NCR objected to the arbitrator's authority to resolve the class arbitration issue. (Dkt. No. 11-2 at 1) ("Respondent advised of its position that the parties' arbitration agreement does not provide for class arbitration and that the arbitrator lacks the authority to resolve this issue.")

NCR also challenged Mr. Jones's ability to maintain his claims in the Seattle Arbitration, arguing NCR's arbitration agreement with Mr. Jones required him to arbitrate his claims in

Charlotte, North Carolina. (Dkt. No. 1 at 8.) Mr. Jones withdrew from the Seattle Arbitration, and refiled his claims against NCR with the AAA in Charlotte on September 3, 2015. (Id.) At the same time, Mr. Goh amended his demand in the Seattle Arbitration to name himself, only, as a proposed class representative. (Dkt. No. 20 at 39.)

On September 8, 2015, the AAA informed the Parties that, although the Agreement between NCR and Mr. Goh provides for the appointed arbitrator to be licensed to practice law in the state where the arbitration takes place, the AAA only had one arbitrator on its Class Action Panel who was licensed in Washington. (Id. at 4.) The AAA suggested the Parties consider waiving the AAA's Class Action Panel Rule, the Agreement's provision regarding state of licensure, independently select a Washington arbitrator, or adopt another agreed upon procedure. (Id.) However, the Parties were unable to agree upon an appropriate course. (Id.)

On September 22, 2015, the AAA suggested that the Parties could agree to a provisional arbitrator. (Id.) In a response dated September 24, 2015, NCR stated, in relevant part:

> . . . at this juncture, NCR believes that the appropriate course of action is to appoint a provisional arbitrator to resolve only the issue of whether the agreement authorizes class arbitration. Resolution of that issue will advance the case and may resolve the current obstacle to arbitrator selection. NCR therefore is willing to agree with the AAA's proposal that a provisional arbitrator be appointed for this purpose, but would do so with full reservation of rights and without waiving any claims, defenses or contentions.

(Id. at 55.) On September 29, NCR's counsel stated in an email to Mr. Goh's counsel ". . . we think the appropriate course is to appoint a provisional arbitrator solely to determine the clause construction issue." (Id. at 63.)

On October 1, 2015, Mr. Goh agreed to the selection of a provisional arbitrator to decide the class arbitration issue. (Id. at 4–5.) On November 13, 2015, the Parties informed the AAA that they wished to move forward with the selection of a provisional arbitrator to decide the class

arbitration issue. (Id. at 66.) The AAA announced selection of Arbitrator James Paulson on December 8, 2015. (Id.) On December 22, 2015, Mr. Paulson established January 29, 2016 as the deadline for the Parties to submit briefing on the class arbitration issue. (Dkt. No. 11 at 2.)

On January 8, 2016, Mr. Paulson emailed the Parties to inform them that he had learned that NCR had stipulated that the Agreement allowed for the arbitration of class claims in a prior arbitration, Haro v. NCR Corp., AAA 11-160-1962-05 (Mar. 6, 2006). (Dkt. No. 20 at 6.) He asked the Parties to address Haro and two other prior arbitrations in which NCR had arbitrated the class arbitration issue in their upcoming briefs. (Id.) On January 12, 2016, NCR's counsel sent an email to Mr. Goh's counsel to clarify Mr. Paulson's role:

> Following our initial conference in the Goh case, I wanted to touch base and make sure there is no confusion as to the role we agreed on for Mr. Paulson. We agreed he would serve as a provisional arbitrator for the clause construction issue only . . . .

(Id. at 82.) NCR's counsel confirmed that the Parties were in agreement as to Mr. Paulson's role. (Id.) On January 14, 2016, NCR wrote to the AAA to state "counsel for the parties have confirmed their prior agreement that the arbitrator deciding the clause construction issue would only be appointed on a provisional basis solely to determine that issue . . ." (Id. at 85.)

On January 27, 2016, two days before deadline for the Parties to submit their briefs, NCR advised the AAA and Mr. Goh that it planned to file an action in the Western District of Washington to ask the Court to determine whether the Agreement authorized class arbitration. (Dkt. No. 11 at 3.) That same day, NCR commenced this suit. (Dkt. No. 1.)

On January 28, 2016, NCR sent an email to the AAA and to Mr. Goh's counsel asking the AAA to suspend administration of the arbitration so that this Court could resolve the class arbitration issue. (Dkt. No. 11-6.) The AAA declined to suspend administration of the arbitration, because Rule 1 of the AAA's Employment Arbitration Rules does not allow for a

1  stay of administration when a party seeks judicial intervention more than thirty days after the
2  commencement of arbitration.  (Dkt. No. 11-7.)

3  On January 29, 2016 counsel for NCR spoke with Mr. Goh's counsel and requested an
4  extension of the deadline to submit briefs to the provisional arbitrator.  (Dkt. No. 11 at 4.)  Mr.
5  Goh's counsel did not agree.  (Id.)  That same day, NCR filed a Motion for Temporary
6  Restraining Order, asking this Court to enjoin Mr. Goh from further pursuing a ruling from the
7  arbitrator as to whether the Agreement authorizes class arbitration.  (Dkt. No. 9 at 19.)  Mr. Goh
8  opposed NCR's Motion for Temporary Restraining Order.  (Dkt. No. 18.)  On February 4, 2016,
9  the Court entered an Order denying NCR's Motion for Temporary Restraining Order on the
10 grounds that NCR failed to show it was entitled to the relief requested.  (Dkt. No. 24.)

11 Following the Court's Order denying NCR's Motion for Temporary Restraining Order,
12 the Parties submitted briefs on the class arbitration issue to Mr. Paulson.  (Dkt. No. 45 at 2.)  On
13 March 8, 2016, Mr. Paulson issued a Clause Construction Award determining that the Parties'
14 Agreement authorizes class arbitration.  (Id.)  Before the Court now are the Parties' Cross-
15 Motions for Summary Judgment on the issue of whether Mr. Paulson was authorized to decide
16 the class arbitration issue.  (Dkt. Nos. 42, 44.)

17 **Discussion**

18 **I.      Legal Standard**

19 "The Federal Arbitration Act ('FAA'), 9 U.S.C. § 1 et seq., creates 'a body of federal
20 substantive law of arbitrability, applicable to any arbitration agreement within the coverage of
21 the Act." Cape Flattery Ltd. V. Titan Maritime, LLC, 647 F.3d 914, 918 (9th Cir. 2011)
22 (quoting Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983)).
23 However, courts may apply non-federal arbitrability law if there is "clear and unmistakable
24

evidence that the parties intended to apply such non-federal law." Id. at 924. Here, the Parties agree federal arbitrability law governs the question of whether the arbitrator properly was authorized to determine the class arbitration issue. (Dkt. Nos. 42, 44.)

## II. Parties' Cross-Motions for Summary Judgment

### A. Waiver

In his Cross-Motion for Summary Judgment, Mr. Goh argues the Court should grant summary judgment in his favor because, among other things, NCR has not preserved its objection to the arbitrator's authority to determine the class arbitration issue. (Dkt. No. 44 at 22–25.) Specifically, Mr. Goh argues that although NCR initially objected to the arbitrator's authority to arbitrate the class arbitration issue, NCR abandoned the objection through its conduct when it: (1) allowed the 30-day window for objecting and staying arbitration pending judicial review to lapse without seeking to have a court decide the class arbitration issue; (2) advocated for the appointment of a provisional arbitrator to decide the class arbitration issue; and (3) sought to have this Court decide the class arbitration issue only after Mr. Paulson expressed an interest in the prior arbitrations. (Id. at 23.)

NCR argues it did not waive its objection to the arbitrator's authority to determine the class arbitration issue. (Dkt. No. 42 at 27–29.) It points to the fact that it preserved its objection by making it during the initial telephonic conference with the AAA on August 24, 2015. (Id. at 27.) NCR contends it only accepted the proposal that a provisional arbitrator be appointed to decide the class arbitration issue, because the AAA announced that if the Parties could not agree on a course of action, they would have to choose from arbitrators who were not class action certified. (Id.) NCR further contends that although it accepted the proposal to appoint a provisional arbitrator, it did so with a full reservation of rights. (Id.)

NCR relies on the Ninth Circuit's opinion in Nagrampa v. MailCoups, 469 F.3d 1257 (9th Cir. 2006), to support its position that it did not waive its objection to the arbitrator's authority to decide the class arbitration issue. In that case, the Ninth Circuit found Nagrampa had not waived her objection to arbitrability because she "forcefully objected to arbitrability at the outset of the dispute, never withdrew that objection, and did not proceed to arbitrate on the merits of the contract claim." Id. at 1280. NCR argues that it, like Nagrampa, did not waive its objection because it "preserved its objection to arbitrability at the outset of the arbitration, never withdrew that objection, and sought judicial intervention before submitting the class arbitration issue to the provisional arbitrator." (Dkt. No. 42 at 28.)

The Court disagrees and finds NCR waived its right to object to the arbitrator's authority to decide the class arbitration issue. As Mr. Goh points out in his Motion, Nagrampa never withdrew her original objection. (Dkt. No. 44 at 24.) By contrast, here, NCR repeatedly indicated its agreement to allow the arbitrator to decide the class arbitration issue, thereby withdrawing its objection, and then waited until the deadline to submit the class arbitration issue to the arbitrator to file this suit. The Court finds the facts here more similar to those in Fortune, Alsweet & Edridge, Inc. v. Daniel, 724 F.2d 1355 (9th Cir. 1983). In that case, a party participated in arbitration proceedings on the merits of the pertinent issue for several months and then, shortly before the issue was submitted to the arbitrator, objected to the arbitrator's authority to resolve the dispute. Id. at 1357. Based on those facts, the Ninth Circuit held the party waived the right to challenge the arbitrator's authority to resolve the dispute, noting that it would be "unreasonable and unjust to allow [the party] to challenge the legitimacy of the arbitration process, in which he had voluntarily participated over a period of several months." Id. Similarly, NCR's conduct here demonstrates its agreement to allow the provisional arbitrator to

decide the class arbitration issue, and it would be unreasonable and unjust to allow NCR to reverse course given its prior conduct.

Because it finds NCR waived its objection to the arbitrator's authority to decide the class arbitration issue, the Court GRANTS Mr. Goh's Motion for Summary Judgment, (Dkt. No. 44), and DENIES NCR's Motion for Summary Judgment, (Dkt. No. 42).

## Conclusion

The Court GRANTS Mr. Goh's Motion for Summary Judgment, (Dkt. No. 44), and DENIES NCR's Motion for Summary Judgment, (Dkt. No. 42).

The clerk is ordered to provide copies of this order to all counsel.

Dated this 1st day of September, 2016.

Marsha J. Pechman
United States District Judge